TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
11/5/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: jb DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SKYULA MICHELL BOLTON,<br><br>    Defendant. | No. CR 21-516-AS<br><br>PLEA AGREEMENT FOR DEFENDANT SKYULA MICHELL BOLTON |

    1.    This constitutes the plea agreement between SKYULA MICHELL BOLTON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count information in the form attached to this agreement as Exhibit A or a

JSC

1 substantially similar form, which charges defendant with Obstruction
2 of Mail, in violation of 18 U.S.C. § 1701, a Class B Misdemeanor.
3     b. Not contest facts agreed to in this agreement.
4     c. Abide by all agreements regarding sentencing contained
5 in this agreement.
6     d. Appear for all court appearances, surrender as ordered
7 for service of sentence, obey all conditions of any bond, and obey
8 any other ongoing court order in this matter.
9     e. Not commit any crime; however, offenses that would be
10 excluded for sentencing purposes under United States Sentencing
11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
12 within the scope of this agreement.
13     f. Be truthful at all times with the United States
14 Probation and Pretrial Services Office and the Court.
15     g. Pay the applicable special assessment at or before the
16 time of sentencing unless defendant has demonstrated a lack of
17 ability to pay such assessments.
18     h. Make restitution at or before the time of sentencing
19 by delivering a certified check or money order to the Fiscal Clerk of
20 the Court in the amount of $50, to be held until the date of
21 sentencing and, thereafter, applied to satisfy defendant's
22 restitution and/or fine balance, and not seek the discharge of any
23 restitution obligation, in whole or in part, in any present or future
24 bankruptcy proceeding.
25     i. Defendant agrees that any and all criminal debt
26 ordered by the Court will be due in full and immediately. The
27 government is not precluded from pursuing, in excess of any payment
28 schedule set by the Court, any and all available remedies by which to

satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

m. Not seek employment with the United States Postal Service, and/or with any and all other competitive mail couriers, including, but not limited to, FedEx, UPS, and DHL (each a "mail courier business"), at any time in the future.

n. Agree to and not oppose the imposition of a condition of probation barring employment with the United States Postal Service or mail courier businesses.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

     b.   Abide by all agreements regarding sentencing contained in this agreement.

     c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of Title 18 U.S.C. Section 1701 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the appropriate sentence.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime to which she is pleading guilty in the information, that is, Obstruction of Mail, in violation of 18 U.S.C. § 1701, the following must be true: (1) defendant obstructed or retarded the passage of the mail; and (2) defendant acted knowingly and willfully.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1701, is: six-months' imprisonment or a five-year term of probation; a fine of $5,000; and a mandatory special assessment of $10.

6. Defendant understands that probation is period of time imposed in lieu of imprisonment during which defendant will be subject to various terms and conditions, including restrictions and

requirements. Defendant understands that if she violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may continue her on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

7. Defendant agrees to make full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges. The parties currently believe that the applicable amount of restitution is approximately $50, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's

payment of the full financial obligation, including referral to the Treasury Offset Program.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the misdemeanor conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying

6

criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date, but no later than December 2019 and continuing until on or about May 19, 2020, in Los Angeles County, within the Central District of California, defendant knowingly and willfully obstructed and retarded the passage of mails. During that time, defendant worked as a City Carrier Assistant for the United States Postal Service ("USPS"). As part of her duties, defendant was entrusted to deliver mail, letters, and the articles contained therein to their intended destinations. On May 29, 2020, defendant was in possession of seven opened and rifled-through envelopes entrusted to her and intended to be conveyed through the mail. The envelopes included a letter addressed to Ta. K. and To. K., which originally contained $50 in cash, and a letter addressed to L.H, which originally contained a Cleveland Browns face mask. Both letters were intended to be conveyed through the mail to their final destinations on May 19, 2020. In keeping the envelopes and removing the $50 and Cleveland Browns face mask, defendant knowingly and willfully obstructed and retarded the passage of mails. Additionally, between July 2019 and May 2020, defendant stole approximately $500 in cash and $550 in gift cards from letters and mail entrusted to her while she was working as a City Carrier Assistant for the USPS.

## SENTENCING FACTORS

12. Defendant understands that the Sentencing Guidelines do not apply in determining defendant's sentence because the crime to which defendant is pleading guilty is a Class B misdemeanor. Defendant also understands that the Court is required to consider the

7

sentencing factors set forth in 18 U.S.C. § 3553(a) and that after considering the § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a sentence at or below the statutory maximum, defendant gives up the right to appeal any portion of the sentence.

16. Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the

exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $50.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a Special Assistant United States Attorney.

BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and a Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

1  defendant's and the USAO's obligations not to contest the facts
2  agreed to in this agreement.
3      25.  Defendant understands that even if the Court ignores any
4  sentencing recommendation, finds facts or reaches conclusions
5  different from those agreed to, and/or imposes any sentence up to the
6  maximum established by statute, defendant cannot, for that reason,
7  withdraw defendant's guilty plea, and defendant will remain bound to
8  fulfill all defendant's obligations under this agreement.  Defendant
9  understands that no one -- not the prosecutor, defendant's attorney,
10 or the Court -- can make a binding prediction or promise regarding
11 the sentence defendant will receive, except that it will be within
12 the statutory maximum.

## NO ADDITIONAL AGREEMENTS

14     26.  Defendant understands that, except as set forth herein,
15 there are no promises, understandings, or agreements between the USAO
16 and defendant or defendant's attorney, and that no additional
17 promise, understanding, or agreement may be entered into unless in a
18 writing signed by all parties or on the record in court.
19 //
20 //
21 //
22 //
23 //
24 //
25 //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

*Kyle Kahan*            November 3, 2021
KYLE W. KAHAN            Date
Special Assistant United States Attorney

_____        11-3-21
SKYULA MICHELL BOLTON        Date
Defendant

_____        11/03/2021
FERMIN VARGAS            Date
Attorney for Defendant SKYULA MICHELL BOLTON

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Skyula Michell Bolton_       11-3-21
SKYULA MICHELL BOLTON            Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SKYULA MICHELL BOLTON's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one;

//
//
//

and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          11/03/2021
FERMIN VARGAS                            Date
Attorney for Defendant SKYULA
MICHELL BOLTON

16